IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICKY MCKINLEY INGRAM,            )
                                  )
            Petitioner,           )
                                  )
       v.                         )     1:08CV823
                                  )     1:06CR460-1
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Ricky McKinley Ingram, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 34.)[1] Petitioner was originally indicted on two counts of distribution of cocaine base and one count of possession of cocaine base with intent to distribute. (Docket No. 1.) Soon after, Respondent filed an Information of Prior Conviction, which meant that Petitioner was subject to enhanced penalties of twenty years to life imprisonment on Count Two of the indictment. (Docket No. 9.) Still, he later pled guilty to Count Two pursuant to a plea agreement which did not withdraw the Information and which specifically referred to the applicability of the enhanced penalty. (Docket No. 10.) Petitioner was also advised at his plea hearing that the Information of Prior Conviction had been filed, that he faced a sentence of twenty years to life in prison, and that his exact sentence could not be determined until sentencing. (Docket No. 25

---

[1]This and all further cites to the record are to the criminal case.

at 6, 11-12.) Petitioner's plea was supported by a factual basis stating that he sold 56 grams of cocaine base to a confidential informant on September 20, 2006. (Docket No. 11.)

Following the entry of his plea, Petitioner wrote a letter to the presiding judge in the case. In that letter, he stated that he had fallen in jail and hit his head. Shortly thereafter, he began to remember the facts of the incident supporting his plea in a different way. He stated that he had tried to arrange a drug deal for the informant, but had actually been unsuccessful. Petitioner claimed to have witnesses to these facts, but stated that they were scared to testify. He asked to be allowed to withdraw his guilty plea and proceed to trial. (Docket No. 13.) The letter was considered just prior to Petitioner's sentencing hearing and the request to withdraw the plea was denied. (Docket No. 26.) Petitioner was sentenced to 262 months of imprisonment after being classified as a career offender based on his state court record of five prior felony drug convictions. (Presentence Report (PSR) ¶ 22.)

Petitioner unsuccessfully appealed his conviction and sentence. (Docket Nos. 29, 30.) Following the denial of his appeal, he submitted his current motion under § 2255. In that motion, he raises a single claim for relief alleging that he received ineffective assistance of counsel because his counsel wrongly advised him that, if he pled guilty, his sentence would not be enhanced based on his state court record. He maintains that he would have gone to trial if he had known that his sentence would be

enhanced. Respondent has responded seeking to have the motion denied (docket no. 43), Petitioner has filed a reply (docket no. 45), and Petitioner's § 2255 motion is now before the Court for a decision.

**DISCUSSION**

Again, Petitioner's claim is one for ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Petitioner has submitted an affidavit stating that his attorney advised him that, if he pled guilty, his sentence would not be enhanced by his prior state court convictions. (Docket No.

-3-

34, Aff. ¶ 1.)  If true, this would be erroneous advice. Petitioner's former attorney has filed an affidavit stating that he did not so advise Petitioner, although he did warn him that if he did not plead guilty and the government filed an Information of Prior Conviction listing a second prior conviction, he would face a mandatory life sentence if convicted.  (Docket No. 43, Ex. B, ¶ 3.)  This difference in the affidavits would appear to create genuine issues of material fact.  Still, Petitioner cannot prevail.

Even if the Court were to assume for purposes of deciding Petitioner's motion that Petitioner was incorrectly advised in the manner he alleges[2], Petitioner still cannot show prejudice by demonstrating that he would not have pled guilty but for the erroneous advice.  As his former attorney points out in his affidavit, with the Information filed as to only one prior conviction, Petitioner faced sentences of ten years to life on Counts One and Three of his indictment and twenty years to life on Count Two.  Therefore, at the time Petitioner pled guilty, he already faced twenty years, or 240 months, of imprisonment.  He specifically stated at his change of plea hearing that he knew and understood this.  At his eventual sentencing, his prior state convictions enhanced his sentence further so that he received 262 months of imprisonment.  That is only twenty-two months more than

---

[2]It must be noted that this is quite a dubious assumption.  Petitioner never mentioned the incorrect advice at any point in his case up until he filed his § 2255 motion.  This is so despite his having had several prime opportunities to do so, such as his plea hearing when he was warned about the enhanced sentence he faced, his letter seeking to withdraw his guilty plea, the hearing on that letter, and his sentencing hearing where it was very obvious that his sentence was being enhanced based on his prior record.

-4-

the twenty-year minimum sentence he had acknowledged at his plea hearing. In order to demonstrate prejudice, Petitioner must show that he would have gone to trial because of the additional twenty-two-month increase in his sentence.

Petitioner does state in conclusory fashion that he would have gone to trial if he had realized that his prior state convictions would enhance his sentence. However, he does not give a rational basis for this statement. In fact, the record before the Court makes it clear that he cannot. Petitioner has set out no plan for contesting the charges at trial. He did deny certain facts associated with his conviction in the letter seeking to withdraw his plea agreement, but admitted in the letter that he remembered these facts only after hitting his head, stated that he had no witnesses willing to testify, and still admitted to attempting to arrange a drug transaction. (Docket No. 13.) Had Petitioner taken the witness stand himself to tell this story, his extensive criminal record would have severely damaged his credibility. He has also made no statement explaining how he would have contested the other two counts of his indictment at trial. On the other hand, government witnesses were prepared to testify that he had sold cocaine base to a confidential informant on multiple occasions. Also, he was arrested following an automobile pursuit during which a bag of cocaine base was thrown out of his car. Two razor knives and $358 in cash were found in his pockets. (Presentence Report ¶¶ 4-12.) There was strong evidence of his guilt.

Not only has Petitioner presented no reasonable prospect of success at trial, but a loss at trial on any one of the three charges against him would still have subjected him to a sentence as a career offender. However, he would not have received the three-level acceptance of responsibility reduction in his offense level that he received for pleading guilty. Instead of facing a Guidelines range of 262 to 327 months based on an offense level of 34, Petitioner would have faced 360 months to life at level 37. Further, if the government chose to file a second Information and Petitioner were convicted on Count Two, he would have faced mandatory life imprisonment.

In summary, had Petitioner gone to trial, he faced a high probability of conviction, followed by a sentence at least 98 months longer than the one he is now serving. A sentence of life without parole was a very real possibility. There is no rational explanation as to why he would have chosen to go to trial to face those prospects due to the difference between the 240-month minimum sentence he explicitly accepted as part of his plea bargain and the 262-month sentence he eventually received based on his status as a career offender. He has produced no actual evidence, only conclusory assertions, that there is a reasonable probability that he would have proceeded to trial absent the allegedly erroneous advice by counsel. His claim fails because he cannot meet the prejudice prong of the <u>Strickland</u> test.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside, or correct sentence (Docket No. 34) be **DENIED** and that Judgment be entered dismissing this action.

　　　　　　　　　　　　　　　　　　/s/ Donald P. Dietrich
　　　　　　　　　　　　　　　　**Donald P. Dietrich**
　　　　　　　　　　　　**United States Magistrate Judge**

April 28, 2009

-7-

Case 1:06-cr-00460-JAB   Document 46   Filed 04/28/09   Page 7 of 7